# EXHIBIT 2

![Lendmark Financial Services]

# ARBITRATION AGREEMENT

**PLEASE READ THIS ARBITRATION AGREEMENT CAREFULLY. IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CLAIM, AS DESCRIBED BELOW, BE RESOLVED BY BINDING ARBITRATION. IF YOU OR WE ELECT ARBITRATION OF A CLAIM, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO PURSUE THAT CLAIM IN COURT OR BEFORE A JUDGE OR JURY OR TO PARTICIPATE IN A CLASS ACTION OR ANY OTHER COLLECTIVE OR REPRESENTATIVE PROCEEDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, INCLUDING THE RIGHT TO CONDUCT DISCOVERY OR TO APPEAL, MAY BE LIMITED OR UNAVAILABLE IN ARBITRATION.**

As used in this Arbitration Agreement: *"you"* and *"your"* mean the individuals signing below; and *"we," "us,"* and *"our"* means Lendmark Financial Services, LLC, its parent, and its direct and indirect subsidiaries and affiliates, as well as all of its and their respective employees, officers, directors, licensees, predecessors, successors, agents, and assigns.

**Agreement to Arbitrate Claims.** In most cases, a Claim can be resolved informally by first calling our Customer Service Department at (866) 413-8340 or e-mailing us at customerservice@lendmarkfinancial.com. In the event our Customer Service Department is unable to resolve a Claim to your satisfaction, this Arbitration Agreement explains how the Claim will be resolved. Either you or we may elect, without the other's consent, to resolve any Claim by individual arbitration.

**Claims Covered by Arbitration.** *"Claim"* means any pre-existing, present, or future claim, dispute, or controversy of any kind or nature between you and us, including but is not limited to: (1) any claim, dispute or controversy arising out of or relating to any agreement or relationship with us of any kind (whether existing today, previously existing or later formed), (2) initial claims, counterclaims, cross-claims and third-party claims; (3) claims based upon any theory of law, contract, tort, fraud, statute, regulation, common law, constitutional provision, respondeat superior, agency or other doctrine concerning liability for other persons, custom or course of dealing, or any other legal or equitable grounds; (4) claims not only against us, but also against our parent entity, affiliates, successors, predecessors, assignees, controlling persons, directors, officers, employees, and agents; (5) claims for which we may be directly or indirectly liable, even if we are not properly named at the time the claim is made; (6) claims made by anyone connected with you or claiming through you, such as a co-applicant, co-signer, representative, agent, successor, heir, assignee, or trustee in bankruptcy; (7) claims relating to the origination, establishment, terms, treatment, operation, handling, billing, servicing, collection, or termination or acceleration of any loan or other extension of credit; (8) claims relating to any products, features, benefits, or services relating to any loan or other extension of credit, including but not limited to, credit insurance, debt cancellation agreements, and extended service contracts; (9) claims relating to any disclosures, statements, advertisements, promotions or other communications relating to any loan or other extension of credit or related products, features, benefits, or services. Notwithstanding anything else to the contrary, however, you and we agree that there will be no arbitration for (a) any claim filed by you or by us individually in a small claims court or your state's equivalent court so long as the claim remains in such court and advances only an individual (non-class, non-representative) claim for relief, or (b) any claim challenging the *No Class Action or Joinder of Parties* section below, which shall be decided only by a court of competent jurisdiction. Neither filing an action in small claims court or your state's equivalent court, nor participating in such an action, shall waive the rights of you or us to seek arbitration of any claim subject to this Agreement. After such filing or participation, you and we shall retain the right to seek arbitration for all claims within the scope of this Agreement, including (for example) any appeal from such action in small claims court or your state's equivalent court or any action which seeks to invalidate or void (or examine in any way) the result from such action in small claims court or your state's equivalent court.

**Commencing Arbitration.** The party filing an arbitration must choose one of the following neutral arbitration forums and follow its rules and procedures for initiating and pursuing an arbitration: American Arbitration Association ("AAA") or JAMS. You may obtain a copy of the rules/codes, and more information about initiating an arbitration, by (1) contacting AAA at 1-800-778-7879 or visiting www.adr.org, or (2) contacting JAMS at 1-800-352-5267 or visiting www.jamsadr.com. If neither AAA nor JAMS can serve, you and we may agree on another arbitration forum, or a court may appoint one. If you initiate the arbitration, you must notify us in writing at Lendmark Financial Services, LLC, Attention: Notice of Arbitration, 2118 Usher Street, Covington, GA 30014. If we initiate the arbitration, we will notify you in writing at your last known address on file with us. At a minimum, notice by either you or us must describe the subject of the Claim and the result requested in arbitration. Any arbitration hearing that you attend will be conducted in the same city as the U.S. District Court closest to your home address, unless the parties agree to a different location in writing.



Arbitration Agreement   Rev. 7/2017
Page **1** of **3**

**Lendmark** Financial Services®

**Administration of Arbitration.** The arbitration shall be decided by a single, neutral arbitrator. The arbitrator will be either a lawyer with at least ten (10) years of experience or a retired or former judge, selected in accordance with the rules of the arbitration forum. The arbitrator shall follow procedures and rules of the arbitration forum in effect on the date the arbitration is filed unless those rules and procedures are inconsistent with this Arbitration Agreement, in which case this Arbitration Agreement will prevail. Those procedures and rules may limit the discovery available to you or us. The arbitrator will take reasonable steps to protect customer account information and other confidential information if requested to do so by you or us. The arbitrator shall follow applicable substantive law consistent with the Federal Arbitration Act and this Arbitration Agreement, applicable statutes of limitations, and applicable privileges and doctrines recognized under applicable law, and shall be authorized to award any damages or other relief provided for under applicable law (subject to any limitations on damages or remedies set forth in any written agreement between you and us). The arbitrator will not have the power to award relief to, or against, any person who is not a party to the arbitration. An award in arbitration shall determine the rights and obligations between the named parties only, and only in respect of the Claim in arbitration, and shall not have any bearing on the rights and obligations of any other person, or on the resolution of any other Claim. You or we may choose to have a hearing and be represented by counsel. The decision rendered by the arbitrator shall be in writing; however, the arbitrator need not provide a statement of his reasons unless one is requested by you or us.

**Costs.** We will pay the filing, administrative and/or arbitrator's fees ("*arbitration fees*") that we are required to pay pursuant to the rules of the arbitration forum or applicable law. In addition, if you cannot afford to pay any of the arbitration fees that you are required to pay and cannot obtain a waiver of those arbitration fees from the arbitration forum, we will pay them if you ask us in writing at our address set forth above. If you lose the arbitration, the arbitrator will decide whether you must reimburse us for money we advanced for you in payment of arbitration fees. If you win the arbitration, we will not ask for reimbursement of arbitration fees we advanced. Each party shall bear the expense of their respective attorneys, experts, and witnesses and other expenses, regardless of who prevails, but a party may recover any or all expenses from another party if the arbitrator, applying applicable law, so determines.

**No Class Action or Joinder of Parties.** IF EITHER YOU OR WE ELECT TO RESOLVE A CLAIM BY ARBITRATION, THAT CLAIM WILL BE ARBITRATED ON AN INDIVIDUAL BASIS. THERE WILL BE NO RIGHT OR AUTHORITY FOR ANY CLAIM TO BE ARBITRATED ON A CLASS ACTION BASIS OR ON BASES INVOLVING CLAIMS BROUGHT IN A PURPORTED REPRESENTATIVE CAPACITY ON BEHALF OF THE GENERAL PUBLIC, OTHER CUSTOMERS, OR OTHER PERSONS SIMILARLY SITUATED. THE ARBITRATOR'S AUTHORITY IS LIMITED TO CLAIMS BETWEEN YOU AND US ALONE. CLAIMS MAY NOT BE JOINED OR CONSOLIDATED UNLESS YOU AND WE AGREE IN WRITING. NOTWITHSTANDING ANY OTHER PROVISION, AND WITHOUT WAIVING THE RIGHT TO APPEAL SUCH DECISION, IF ANY PORTION OF THIS *NO CLASS ACTION OR JOINDER OF PARTIES* SECTION IS DEEMED INVALID OR UNENFORCEABLE, THEN THIS ENTIRE ARBITRATION AGREEMENT (OTHER THAN THIS SENTENCE) WILL BE NULL AND VOID WITH RESPECT TO THE CLAIM. YOU AND WE ACKNOWLEDGE AND AGREE THAT UNDER NO CIRCUMSTANCES WILL A CLASS ACTION BE ARBITRATED.

**Arbitration Appeal.** Within fifteen (15) days after an award by the single arbitrator, any party may appeal the award by requesting in writing a new arbitration before a panel of three neutral arbitrators selected in accordance with the rules of the same arbitration forum. The panel will consider all factual and legal issues anew, follow the same rules that apply to a proceeding using a single arbitrator, and make decisions based on the vote of the majority. Costs will be allocated in the same way they are allocated before a single arbitrator. An award by a panel, or an award by a single arbitrator after fifteen (15) days has passed, shall be final and binding on the parties, subject to judicial intervention or review only to the extent allowed under the Federal Arbitration Act. A party may seek to have a final and binding award entered as a judgment in any court having jurisdiction.

**Enforcement.** You or we may bring an action, including a summary or expedited motion, to compel arbitration of a Claim subject to arbitration, or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if any the Claim is part of a lawsuit, unless a trial has begun or a final judgment has been entered.

**No Waiver.** Failure or forbearance to enforce this Arbitration Agreement at any particular time, or in connection with any particular Claim, will not constitute a waiver of any rights to require arbitration at a later time or in connection with any other Claim. No provision of this Arbitration Agreement may be amended, severed, or waived absent a written agreement between you and us.

**Right to Resort to Self-Help and Certain Other Remedies Preserved.** Nothing herein shall be deemed to limit or constrain any right you or we have, whether before, during, or after an arbitration, to resort to self-help remedies, such as the right to setoff, to exercise any security interest or lien we may hold in property, or to comply with legal process, or to obtain provisional remedies such as injunctive relief (other than a stay of arbitration), attachment, or



Arbitration Agreement  Rev. 7/2017
Page **2 of 3**

**Lendmark** Financial Services®

garnishment by a court having appropriate jurisdiction; provided, however, that you or we may elect to arbitrate any Claim related to the exercise of such self-help or provisional remedies.

**Governing Law.** You and we agree that the relationship between you and us includes transactions involving interstate commerce and that this Arbitration Agreement is governed by, and enforceable under, the Federal Arbitration Act. To the extent state law is applicable; the laws of the state governing your loan or other extension of credit with us (other than state arbitration laws) apply.

**Survival.** This Arbitration Agreement shall survive (i) renewal, extension, modification, or termination of your loan or other extension of credit, or any related product or service provided, (iii) any legal proceedings to collect a debt, (iv) the bankruptcy or insolvency of any party, to the extent consistent with applicable bankruptcy law, and (v) the sale, transfer, or assignment of your loan or extension of credit, or any related product or service provided, to any other person or entity.

**Interpretation**. Any questions about whether a Claim is subject to arbitration shall be resolved by interpreting this Arbitration Agreement in the broadest way the law will allow it to be enforced, consistent with the Federal Arbitration Act and the terms of this Arbitration Agreement. In the event of a conflict between this Arbitration Agreement and any other agreement between you and us, this Arbitration Agreement shall control.

**Severability.** If any part of this Arbitration Agreement is deemed or found to be unenforceable for any reason, the remainder shall be enforceable, except as provided in the *No Class Action or Joinder of Parties* section above.

YOU AGREE TO THE TERMS AND PROVISIONS OF THIS ARBITRATION AGREEMENT AND ACKNOWLEDGE RECEIPT OF A COPY.

_____  4/5/2019
Customer's Signature        Date

JEANINE GIBSON-REID
Customer's Printed Name



Arbitration Agreement   Rev. 7/2017
Page **3** of **3**